■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN D. NEU, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chenango County (Monserrate, J.), rendered April 3, 1987, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree and robbery in the third degree.

After successfully appealing his conviction of the aforementioned crimes (124 AD2d 885), defendant was retried and has again been convicted for the unprovoked murder of a convenience store clerk during the course of a robbery. Defendant appeals, raising two issues that merit discussion.

One of the prosecution's key witnesses was Thomas Marlowe, an accomplice. At defendant's first trial, Marlowe identified defendant as the triggerman despite alleged threats from defendant and Gus Santangelo, whom defendant had accused

of being the murderer. At a hearing had approximately one month before the retrial, Marlowe requested that if called upon to testify the courtroom be closed for he feared Santangelo would harm him and his family if he publicly testified to the truth. That request, joined in by defendant, was deemed then to be premature, but when the People called Marlowe as their witness on their case-in-chief, County Court thereupon denied the witness's application. When Marlowe refused to testify, relying upon his 5th Amendment right against self-incrimination, the People were then allowed to read Marlowe's testimony from defendant's prior trial into evidence, because of Marlowe's unavailability (see, CPL 670.10; *People v Muccia,* 139 AD2d 838, 839).

During the presentation of defendant's case-in-chief, Marlowe was again called as a witness and his application to close the courtroom to the public was renewed and this time granted by County Court. Marlowe proceeded to recant his earlier testimony and to exonerate defendant. However, the jury obviously found Marlowe's earlier testimony to be the credible account of what had occurred. Defendant maintains that he was denied a fair trial by County Court's refusal to close the courtroom upon Marlowe's first request, which resulted in the admission into evidence of Marlowe's prior testimony.

All judicial proceedings are presumptively open to the public (Judiciary Law § 4; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 715). Where a defendant asserts that failure to close such a proceeding compromised his right to a fair trial, he must demonstrate that prejudice actually resulted from the court's refusal to close the courtroom *(People v Harris,* 57 NY2d 335, 348, *cert denied* 460 US 1047; *see, Matter of Associated Press v Bell,* 70 NY2d 32, 39). To be sure, a Trial Judge may close a proceeding to protect a witness from possible reprisals *(see, People v Cuevas,* 50 NY2d 1022, 1024) or to foster the truth-discovery process *(see, People v Joseph,* 59 NY2d 496, 498). But this discretion to close judicial proceedings, which reposes in trial courts, "is to be 'sparingly exercised and then, only when unusual circumstances necessitate it' " *(People v Jones,* 47 NY2d 409, 413, *cert denied* 444 US 946, quoting *People v Hinton,* 31 NY2d 71, 76, *cert denied* 410 US 911).

Here Marlowe's alleged fear of Santangelo stemmed from threats and behavior that predated the first trial four years earlier, giving County Court ample basis for doubting Marlowe's motivation for seeking closure. Moreover, at the pre-

trial hearing at which defendant sought a ruling on the closure issue, mention was not made then of any fear Marlowe harbored. Also worth noting is that Marlowe was allowed to testify in closed session and said what he desired during defendant's case; clearly then defendant was not deprived of any evidence. The jury had the opportunity to judge for itself whether Marlowe lied during the first trial or the second, and based upon the very considerable record evidence of defendant's guilt, we are not disposed to tamper with the jury's conclusion. That defendant has failed to carry his burden of demonstrating any actual prejudice is, we think, self-evident.

The other issue requires only brief comment. Defendant contends that the testimony of Michael Squires, a fellow inmate turned police informant, violated defendant's right to counsel in that the testimony in question involved illegally obtained incriminating statements attributed to defendant and gathered by Squires after he became an informant. This testimony, however, was offered by the People in rebuttal for the purpose of impeaching defendant, after he took the stand, an entirely permissible practice where, as here, no question is raised as to the voluntariness of defendant's statements *(see, People v Maerling,* 64 NY2d 134, 140).

Judgment affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Harvey and Mercure, JJ., concur.