(November 21, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. MARLOWE, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chenango County (Monserrate, J.), rendered October 30, 1987, upon a verdict convicting defendant of the crime of perjury in the first degree.

This appeal brings up for review errors claimed to have occurred during the course of defendant's *pro se* defense of his perjury indictment. The alleged errors consist of the denial of defendant's pretrial motions and the claimed impropriety of the prosecutor's summation. At the outset, it should be noted that inasmuch as County Court forewarned defendant that "in order to be able to have a point of law or a question reviewed on appeal, it must be raised during the trial", we see no reason to review asserted errors not timely identified or objections advanced for the first time on appeal.

Defendant's sundry pretrial motions were for the most part directed at eliminating obstacles routinely encountered by *pro se* incarcerated litigants, difficulties about which defendant was generally made aware by County Court and which defendant presumably took into account before choosing to represent himself. For example, defendant sought the following: a light in his cell to assist studying; law books for researching; pens, rather than pencils, for writing; increased access to the law library; space for interviewing potential witnesses; a protective order to prohibit correctional personnel from confiscating, duplicating or examining his work product; and access to a typewriter and telephone. We find no error in the court's denial of these resource demands, which parenthetically implicate prison administration rather than trial management.

Nor, in view of the fact that defendant had more than three months to prepare (*cf., People v Pippin,* 67 AD2d 413, 416), do we find that County Court abused its discretion in refusing defendant's eve of trial request for a two-week continuance.

Additionally, defendant demanded appointment of an investigator to "locate [unidentified] defense witnesses". Defendant supported this request with nothing more than bald assertions that an investigator could help him better prepare his defense. Again, County Court's ruling cannot be faulted, especially in view of the fact that it agreed and did subpoena witnesses identified by defendant which he sought to have and who did indeed testify.

As for the prosecutor's summation, only one objection was

raised. That objection was to the prosecutor's reference to defendant's plea-bargain arrangement in a prior matter. Contrary to defendant's assertion, the terms of that arrangement were in evidence, having been elicited during his cross-examination; accordingly, reference thereto was permissible *(see, People v Ashwal,* 39 NY2d 105, 109-110). Although the prosecutor in his closing, perhaps more than necessary, adverted to the fact that defendant had "lied" when he testified in the 1987 prosecution of Herman Neu *(see, People v Neu,* 145 AD2d 784, *lv denied* 73 NY2d 1019), reversal is not necessary. As already observed, but for one exception no objection was made to the summation. Furthermore, defendant specifically acknowledged during his own testimony that he had "lied" during the 1987 trial, making fair comment on that admission by the prosecutor appropriate *(see, People v La Forge,* 107 AD2d 896).

Lastly, we are of the view that defendant's right to counsel was not abridged when County Court refused defendant's request to allow standby counsel to conduct direct examination only of defendant and then to allow defendant thereafter to continue to conduct the defense *pro se.* Defendant has no right to such a hybrid form of representation *(see, People v Mirenda,* 57 NY2d 261, 265).

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.