■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWANTIA M. GRIFFIN, Appellant. [726 NYS2d 604] —Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered June 13, 2000, convicting defendant upon her plea of guilty of the crimes of forgery in the second degree (two counts), criminal possession of a forged instrument in the second degree (four counts) and criminal possession of stolen property in the fourth degree (six counts).

Pursuant to a plea bargain agreement, defendant pleaded guilty to two counts of forgery in the second degree, four counts of criminal possession of a forged instrument in the second degree and six counts of criminal possession of stolen property in the fourth degree. In exchange, she was sentenced to pay restitution and to serve concurrent prison terms of $2^{1/3}$ to 7 years on each count of forgery in the second degree and on each count of criminal possession of a forged instrument in the second degree. In addition, she was sentenced to concurrent terms of $1^{1/3}$ to 4 years' imprisonment on each of the six counts of criminal possession of stolen property in the fourth degree with five of these concurrent prison terms to be served concurrently with the previously imposed concurrent terms of $2^{1/3}$ to 7 years and one of the terms to run consecutively thereto, for an aggregate prison sentence of $3^{2/3}$ to 11 years. As a condition of the plea agreement, defendant waived her right to appeal. She has, nonetheless, filed this appeal on the ground that her prison sentence is harsh and excessive, noting that at the conclusion of the presentence report, the Probation Department recommended a sentence of incarceration to be followed by a term of probation.

Defendant's waiver of her right to appeal precludes her challenge to the sentence as harsh and excessive (*see*, *People v Hines*, 263 AD2d 682, *lv denied* 93 NY2d 1019). If we were to review this contention on its merits, however, we would find it unpersuasive. Although the sentence imposed was more harsh than that recommended in the presentence report, County Court retained the discretionary power to impose an appropriate sentence and was not constrained to follow the Probation Department's sentencing recommendation (*see*, *People v*

*LaMarche*, 253 AD2d 944; *People v Jarvis*, 233 AD2d 632, 633, *lv denied* 89 NY2d 943). Inasmuch as there has been no showing of either extraordinary circumstances or an abuse of the sentencing court's discretion, there is no basis for this Court to disturb the sentence imposed (*see, People v Bisner*, 260 AD2d 665, 669, *lv denied* 93 NY2d 1014; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.