■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTY HUMPHREY, Also Known as HERSHEY, Appellant. [789 NYS2d 325]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 21, 2001, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), gang assault in the first degree (two counts), assault in the first degree (four counts), robbery in the first degree (four counts), robbery in the second degree (two counts), burglary in the second degree (two counts), conspiracy in the fourth degree (two counts), grand larceny in the

fourth degree (three counts) and unlawful imprisonment in the first degree.

On November 20, 2000, defendant, who was then 16 years old, Theodore Haynes and two other young men devised and executed a plan to order a pizza and then rob the delivery person. Defendant provided his cohorts with weapons, including baseball bats, and when the victim arrived, he tried to force the victim into a vacant apartment. After the men robbed the victim and while defendant was restraining him, Haynes hit him in the head with a baseball bat. The victim, though wounded, escaped alive. Eight days later, defendant again assisted Haynes in luring another delivery person to the same location, forcing him into the vacant apartment and robbing him. Then, in defendant's presence, Haynes savagely beat the second victim to death with the same baseball bat.

Defendant, Haynes and others were later charged with numerous crimes for their participation in these incidents. Defendant's companions ultimately agreed to cooperate with the prosecution and entered guilty pleas. Defendant proceeded to trial, where two of his accomplices testified against him. Defendant also testified, admitting to being present and participating in the robberies, but denying that he had intended to assault or kill either victim, and alleging that, among other things, he had tried to stop Haynes from beating the second victim. The jury acquitted defendant of attempted murder as to the first victim, but convicted him of 22 other charges, including two counts of murder in the second degree. County Court sentenced him to an aggregate term of imprisonment of 50 years to life, prompting this appeal.

Defendant initially contends that the cumulative effect of County Court's rulings with regard to two types of evidence constitutes reversible error because the prejudice caused by these various items of evidence outweighed their probative value. The first category relates to the court's rulings permitting the prosecution to cross-examine defendant regarding prior incidents of larceny and assault as well as a variety of other prior bad acts. Determinations weighing the probative value against the prejudicial effect of such evidence rest within the trial court's discretion and will be reviewed in light of the facts and circumstances of each case (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]). Here, County Court allowed inquiry as to many of defendant's recent bad acts, but prevented the People from inquiring into earlier acts and several instances of impulsive and violent behavior. In our view, County Court properly found that the bad acts were highly probative on the

issue of defendant's intent and credibility, and they revealed his willingness to further his self-interest at the expense of society (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Johnson*, 307 AD2d 384, 384-385 [2003], *lv denied* 1 NY3d 574 [2003]; *People v Di Bella*, 277 AD2d 699, 701 [2000], *lv denied* 96 NY2d 758 [2001]).

The second type of evidence to which defendant objects are various exhibits that defendant created while he was in jail on the pending charges. These include a letter to Lavonda Sontag containing these statements: "I'ma do good in court. When I go to trial I'ma be crying on the stand and all that shit. I'ma have them feeling mad sorry for me and all that good shit. I'm an actor, baby. You ain't know." Graffiti on the wall of his cell consisted of the letter H, referring to defendant, and the words "Burgla a.k.a. Thirsty Murdaz" written with drippings from the letters. A letter to Roberta Jones, in which defendant used the word "thirsty" to mean desire for something other than a beverage, was used to impeach his trial testimony that the graffiti did not mean that he was calling himself a burglar and one who thirsted for murder. A drawing of three individuals standing shoulder to shoulder and hiding a baseball bat and pipe behind their backs was also used to impeach his testimony. These exhibits related to defendant's credibility at trial and whether he admitted criminal conduct. On this record, we conclude that County Court appropriately found that their probative value outweighed their prejudicial effect.

Defendant next argues that County Court erred in admitting the testimony of the second victim's wife because it had no probative value, elicited the jury's sympathy for the victim and was prejudicial to defendant. Although we agree that the wife's testimony as to the victim's character and family background was irrelevant and should not have been admitted, this evidence was minimal and its admission was harmless error in light of the overwhelming evidence of defendant's guilt (*see People v LaValle*, 3 NY3d 88, 114 [2004]; *People v Harris*, 98 NY2d 452, 490-491 [2002]).

Next, defendant argues, for the first time on appeal, that his confession to police should have been suppressed because the police used deception and trickery to keep him from contacting his family and possibly seeking the aid of counsel. Were we to consider the issue despite his failure to preserve it, we would find that there is no evidence that defendant was isolated from family members as the result of any official deception (*see People v Salaam*, 83 NY2d 51, 55 [1993]; *People v Dearstyne*, 230 AD2d 953, 958 [1996], *lvs denied* 89 NY2d 921 [1996], 89 NY2d 1034 [1997]).

In light of defendant's admission that he was present during the first incident and participated by restraining the first victim, we also find any error in County Court's having permitted the first victim to make an in-court identification of defendant despite the victim's inability to do so earlier to be harmless.

Defendant next contends that he was denied a fair trial by the prosecutor's comments made during summation when the prosecutor sought to discredit defendant and one of his witnesses. Defendant, however, did not object to the comments he now faults and, therefore, any issue with respect thereto is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). Were we to consider the issue in any event, we would find that, given the nature of defendant's testimony, most of the prosecutor's remarks constituted fair comment on the issue of his credibility. For instance, defendant mentioned during his trial testimony that he "lied" to women, and the prosecutor reasonably raised the issue of whether he was lying to the women on the jury. In some instances, the prosecutor had caught defendant contradicting his earlier testimony and, in summation, justifiably described these incidents as obvious lies. While some comments may have improperly characterized other portions of defendant's testimony as lies, a new trial would not be warranted in view of the overwhelming proof of his guilt (*see People v Cunningham*, 222 AD2d 727, 731 [1995], *lv denied* 87 NY2d 1018 [1996]; *People v Marlowe*, 167 AD2d 692, 693 [1990], *lv denied* 77 NY2d 963 [1991]).

As a final matter, defendant argues that the sentence imposed was harsh and excessive given his age and lack of intent to kill, among other things. The jury's verdict and the evidence in this record, however, belie his continued claim of lack of intent to kill, and convincingly demonstrate that, despite his young age, he planned and participated in two robberies of escalating brutality and a callous murder with little sign of remorse. We find no abuse of discretion or any extraordinary circumstances that would warrant modification of the sentence (*see People v Purcell*, 8 AD3d 821, 822 [2004]).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.