■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SINZHEIMER, Appellant. [790 NYS2d 554]—

Mugglin, J. Appeal from a judgment of the County Court of Essex County (Hoye, J.), rendered February 23, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

Defendant and Matyus Nayfeld were indicted for the crime of criminal possession of marihuana in the first degree after they were stopped at a United States Border Patrol checkpoint located on Interstate Route 87 and a subsequent search of their sport utility vehicle produced more than 10 pounds of marihuana. Following a combined *Huntley/Dunaway/Mapp* hearing, County Court granted defendant's motion to suppress certain statements that he made to a police investigator, but denied his motion in all other respects. Defendant thereafter entered an *Alford* plea to the crime of criminal possession of marihuana in the third degree and was sentenced to five years probation. Defendant now appeals, claiming that the court erred in finding that the Border Patrol checkpoint was constitutionally permissible and that the consent to search the vehicle was voluntary.

We affirm. Initially, we conclude that the evidence supports County Court's finding that the Border Patrol checkpoint was constitutional. It is well settled that the Border Patrol may stop a vehicle at a fixed checkpoint for brief questioning of its occupants "even though there is no reason to believe the particular vehicle contains illegal aliens" (*United States v Martinez-Fuerte*, 428 US 543, 545 [1976]). The choice of checkpoint locations and checkpoint operations must be left largely to the discretion of Border Patrol officials (*see id.* at 560).

Border Patrol Agent Brian De Brita testified that the primary purpose of the checkpoint in question was to determine the citizenship of vehicle occupants. He described the checkpoint as a temporary immigration checkpoint periodically operated at a fixed location less than 100 miles from the Canadian border. He stated that the checkpoint has two permanently installed signs with flashing lights that are turned on when a checkpoint is activated. He further stated that cones are used to guide vehicles to two side-by-side primary inspection points. When a vehicle

approaches a primary inspection point, a border patrol agent asks the occupants to state their citizenship. Accordingly, the record fully supports County Court's finding that the checkpoint was conducted in a uniform and nonarbitrary manner. The court properly rejected defendant's contention that the checkpoint was illegal because the People failed to provide written guidelines concerning the operation of the checkpoint (*see generally Michigan Dept. of State Police v Sitz*, 496 US 444, 453 [1990]).

We also reject defendant's contention that County Court erred in finding that the consent to search the vehicle was voluntary. It is well settled that consent can be established by conduct as well as by words (*see People v Smith*, 239 AD2d 219, 220 [1997], *lvs denied* 90 NY2d 908, 911 [1997]). Here, De Brita stated that he was assigned to the primary inspection point when defendant's vehicle approached his inspection station. He testified that he asked defendant and Nayfeld to state their citizenship and that he became suspicious when, among other things, Nayfeld changed his answer regarding his place of birth. In response to De Brita's request to search the vehicle, Nayfeld got out of the vehicle and opened the hatchback whereupon De Brita detected the odor of marihuana.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.