THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARONA N. ROCKWELL, Appellant. [794 NYS2d 726]—

Mugglin, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered October 3, 2003, upon a verdict convicting defendant of the crimes of forgery in the second degree and criminal possession of a forged instrument in the second degree.

In April 2000, upon opening a checking account at Central National Bank in the Town of Norwich, Chenango County, defendant was given a starter kit of checks to use until her personalized checks could be printed. On one of these checks, someone handprinted "J.J. Painting, Inc." as the purported owner of the account. The check was drawn payable to "cash" in the amount of $475 and was signed by "J. Hutley." The check was used on May 16, 2000 at a convenience store to obtain approximately $300 in cigarettes and the balance in cash. Although defendant thereafter reported to the bank that one of her starter kit checks had been stolen, she was identified by three of the convenience store employees—who were each shown a photograph depicting only defendant—as the person who had negotiated the check. As the check was dishonored for insufficient funds, defendant was indicted and convicted of forgery in the second degree and criminal possession of a forged instrument in the second degree. She was thereafter sentenced to concurrent prison terms of 3 to 6 years. On this appeal, defendant raises four arguments.

Initially, we reject defendant's contention that County Court erred by failing to preclude all identification evidence. Although the People conceded that the single photo identification procedure employed was impermissively suggestive, they argue, and we agree, that suppression of all identification evidence is not required where the identification has a separate, independent basis (see People v Parker [Charleston], 257 AD2d 693, 694 [1999], lvs denied 93 NY2d 1015, 1024 [1999]). Here, County

Court determined, after a *Wade* hearing, that an adequate independent basis existed for the in-court identification of defendant by the three store employees. Notably, the transaction took place in the middle of the afternoon and in a well lit area. Each identifying store employee observed defendant for up to 20 minutes and each specifically recalled the transaction due to its length—occasioned by the necessity of locating an assistant store manager to obtain authorization to accept the check—and the size and unusual nature of the transaction. Further, one store employee had prior dealings with defendant and was called upon to vouch for her in the check-cashing process. These facts amply support County Court's determination that the People established, by clear and convincing evidence, that there existed an independent basis for identification of defendant untainted by the impermissible identification procedure (*see People v Durham*, 235 AD2d 850, 850-851 [1997]).

Next, there is no merit to defendant's challenge to the *Sandoval* ruling made by County Court. In this regard, although defendant has a lengthy criminal history, County Court limited cross-examination to five specific prior convictions. On appeal, defendant challenges only that portion of the *Sandoval* ruling which allowed the People to use the underlying facts of a 1991 conviction for possession of a forged instrument, contending that it was both too remote in time and too similar to the instant charge. The use of such a prior conviction is subject to a pretrial discretionary determination in which the trial court balances the probative value of the prior conviction on the issue of credibility against the prejudicial effect and possibility that defendant could be convicted simply based on a perceived propensity to commit crime (*see People v Di Bella*, 277 AD2d 699, 701 [2000], *lv denied* 96 NY2d 758 [2001]). In striking the required balance, the court is not bound by per se fixed rules (*see People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Layman*, 284 AD2d 558, 560 [2001], *lv denied* 96 NY2d 903 [2001]), including no strict prohibition concerning the use of a prior conviction simply because it is similar to the crime presently charged (*see e.g. People v Mattiace*, 77 NY2d 269, 275-276 [1990]; *People v Rahman*, 46 NY2d 882, 883 [1979]), or because it may be remote in time, particularly where the crime involves dishonesty and has great relevance to defendant's veracity and willingness to place her own self-interest over that of society (*see People v Redcross*, 246 AD2d 838, 840 [1998], *lv denied* 92 NY2d 859 [1998]; *People v Lynch*, 209 AD2d 827, 827 [1994], *lv denied* 84 NY2d 1034 [1995]). Here, we find no error in the court's *Sandoval* ruling since defendant has a criminal history

beginning in 1987 which manifests defendant's consistent engagement in activities involving dishonesty (*see People v Flowers*, 283 AD2d 362, 363 [2001], *lv denied* 96 NY2d 939 [2001]).

Third, defendant contends that she was denied due process by County Court's rejection of her request to hire an investigator at public expense. We are unpersuaded. While County Court may authorize such services upon defendant's demonstration of necessity (*see* County Law § 722-c), here, defendant only asserted that an investigator would be helpful. Under these circumstances, County Court properly denied the motion (*see People v Marlowe*, 167 AD2d 692, 692 [1990], *lv denied* 77 NY2d 963 [1991]; *People v Anderson*, 127 AD2d 885, 886 [1987]). Moreover, County Court adjourned the impending trial to allow defense counsel additional time to conduct whatever investigation he deemed necessary. Under these circumstances, we find no due process violation.

Lastly, we reject defendant's contention that her sentence was harsh and excessive. This sentence is less than the maximum permissible sentence which could have been imposed (*see* Penal Law § 70.06 [3] [d]), and defendant makes no showing of either extraordinary circumstances or an abuse of the sentencing court's discretion, so no basis exists to disturb the sentence (*see People v Griffin*, 284 AD2d 809, 810 [2001], *lv denied* 97 NY2d 682 [2001]), particularly in light of defendant's long criminal history of similar offenses and her evident inability to obey the conditions of probation or parole.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.