*470 OPINION OF THE COURT
John T. Ward, J.
The People have appealed an order of the Jamestown City Court which suppressed evidence related to defendant’s charges of driving while intoxicated (DWI) and DWI per se (People v Dongarra, 21 Misc 3d 719 [2008]). The People have also filed in accordance with CPL 450.50 a certification to the effect that the lower court’s ruling has weakened their case to the point where they are unable to prosecute the matter with any degree of legal sufficiency.
By decision dated October 2, 2008, the court suppressed the results of defendant’s chemical test results of .13% blood alcohol content together with any statements elicited from her as a result of her arrest for alcohol-related charges following a sobriety checkpoint stop by the New York State Police in the City of Jamestown. The basis of the court’s decision is that “the checkpoint at issue was unconstitutional and represented an unlawful search and seizure,” because there was no substantial compliance by the police in following their own written guidelines in completing certain paperwork before, during and after the date of the roadblock. (21 Misc 3d at 725-726.) Although the People requested that a hearing be held to delve into the issue of the extent of compliance by the police with respect to their guidelines covering sobriety checkpoints (provided to defense counsel in discovery), the lower court made its ruling without a hearing since it believed that both counsel for the People and defendant agreed that none of the documents sought by the defense “was ever prepared, let alone transmitted to the appropriate official or division of the New York State Police.” (Id. at 721.)
The court’s decision was the result of a motion dated June 23, 2008, by defense counsel asking for suppression of the chemical test results on the grounds that failure to prepare the documentation as suggested in the New York State Police guidelines, such as the DWI Investigative Note Card, the DWI Program Notification and the DWI Program Activity Record, thereby compromised the integrity of the checkpoint together with the credibility of the New York State Police, all of which impacted the extent of discretion required under the circumstances. By affidavit in opposition of June 30, 2008, the People sought a hearing so that the court could “receive testimony on the procedures used in the establishment and operation of the road block” by arguing that “a lack of a written plan or precise *471 adherence to guidelines does not automatically render a sobriety checkpoint unconstitutional,” as long as the factors set forth in People v Scott (63 NY2d 518 [1984]) were observed. During oral argument of the motion, the People argued that the testimony of those involved in setting up and running the checkpoint in issue was necessary in order for the court to determine if the police had indeed complied with the Scott factors notwithstanding the absence of the paperwork sought by defense counsel. Those factors are that a sobriety checkpoint (1) may not “intrude to an impermissible degree upon the privacy of motorists approaching the checkpoint,” (2) must be “maintained in accordance with a uniform procedure which afford[s] little discretion to operating personnel,” and (3) must utilize “adequate precautions as to safety, lighting and fair warning of the existence of the checkpoint.” (Id. at 526.)
The alleged uncompleted items complained of by defense counsel do not impact any of these foregoing factors. In fact, the procedure about which the Court of Appeals was primarily concerned is specifically set forth in the written guidelines, consisting of 15 pages entitled “New York State Police DWI Program Guide: Guidelines for the Operation of Sobriety Checkpoints and DWI Saturation Patrols,” a copy of which was provided to defense counsel and the court by the People and forms a part of the record on appeal herein. Defense counsel argued, and the court accepted such argument, that the failure to complete or prepare those documents referred to in the guidelines under the “Reporting” section (DWI Investigative Note Card, DWI Program Activity Record and DWI Program Notification) compromised the integrity and credibility of the police which impacted the constitutionality of the checkpoint. However, Scott does not even suggest that the failure to complete this type of paperwork impairs the constitutionality of a checkpoint. The fact that such records as demanded by defense counsel could not be produced does not, in this court’s opinion, render the procedure leading up to the stop invalid. Even though they are present in the current case, the lack of written guidelines does not invalidate a sobriety checkpoint. (People v LaFountain, 283 AD2d 1013 [4th Dept 2001]; People v Dugan, 57 AD3d 300 [1st Dept 2008]; People v Serrano, 233 AD2d 170 [1st Dept 1996], lv denied 89 NY2d 929 [1996]; People v Sinzheimer, 15 AD3d 732 [3d Dept 2005], lv denied 5 NY3d 794 [2005]; People v Manahan, 15 Misc 3d 1116[A], 2007 NY Slip Op 50708[U] [Crim Ct, Kings County 2007].) Rather, the focus *472 should be whether the procedure followed involving the actual stop was uniform and nondiscriminatory.
Having found that the lower court’s decision suppressing the chemical test results and defendant’s statements should be reversed, the matter should be remitted for a hearing on defendant’s motion to suppress where she would bear the ultimate burden of proving that the evidence should not be used against her. (People v Drumm, 15 AD3d 910 [4th Dept 2005].)
Accordingly, the court’s decision and order is hereby reversed and the matter is remitted to the Jamestown City Court for further proceedings consistent with this decision and order.
The Chautauqua County Clerk is hereby ordered to return the lower court’s return.