■ The People of the State of New York, Respondent, v Brenda J. Kelly, Appellant. [896 NYS2d 529]—

Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 2, 2009, convicting defendant upon her plea of guilty of the crime of forgery in the second degree.

In satisfaction of the charges contained in a superior court information, defendant pleaded guilty to forgery in the second degree. Under the terms of the plea agreement, defendant was to enter a drug treatment program. The agreement provided that, if defendant successfully completed the program, she would be permitted to withdraw her plea, plead guilty to forgery in the third degree and receive three years of probation. If she did not, she would be sentenced as a second felony offender to 2½ to 5 years in prison upon her original plea of guilty to forgery in the second degree. Defendant entered the program, but did not successfully complete it, resulting in the imposition of a sentence of 2½ to 5 years in prison. She now appeals.

Defendant's sole contention is that the sentence imposed by County Court is harsh and excessive. We disagree. Defendant has a lengthy criminal record characterized by numerous drug-related offenses and was given ample opportunity to undergo treatment to address her drug problem, all to no avail. In view of this, and given that the sentence imposed was specifically agreed to by defendant as part of the plea agreement, the sentence is not harsh and excessive (*see People v Nardi*, 232 AD2d 673, 674 [1996], *lv denied* 89 NY2d 927 [1996]; *see also People v Wilson*, 219 AD2d 758 [1995], *lv denied* 86 NY2d 875 [1995]). Furthermore, we find no extraordinary circumstances

nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Rockwell*, 18 AD3d 969, 971 [2005], *lv denied* 5 NY3d 768 [2005]).

Spain, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.