■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HASKINS, Appellant. [928 NYS2d 374]—

Rose, J.P.

Defendant was stopped at a sobriety checkpoint in the City of Schenectady, Schenectady County. He was observed to be intoxicated, was arrested and later indicted on two counts of driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle in the first degree. He then moved to suppress all evidence obtained as a result of the checkpoint, alleging that it had been conducted in a constitutionally improper manner. Finding that defendant had not stated sufficient factual grounds upon which to grant a hearing, County Court (Drago, J.) denied the motion. Defendant then renewed his motion and, when County Court (Giardino, J.) denied it, he pleaded guilty to the indictment and was sentenced to a term of imprisonment of 1 to 3 years to run concurrently with a sentence on an unrelated conviction that he was already serving. Defendant appeals.

We disagree with defendant's argument that his motions were improperly denied. Pursuant to CPL 710.60 (3) (b), a motion to suppress may be summarily denied if, as applicable here, "[t]he sworn allegations of fact do not as a matter of law support the ground alleged" (*see People v Mendoza*, 82 NY2d 415, 421 [1993]; *People v McNair*, 28 AD3d 800, 800 [2006]). The sufficiency of defendant's factual allegations will be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information (*see People v Mendoza*, 82 NY2d at 422; *People v Davis*, 45 AD3d 1039, 1041 [2007], *lv denied* 10 NY3d 763 [2008]).

In support of defendant's initial motion, defense counsel alleged in a conclusory fashion that the arresting officer conducted the checkpoint "without . . . uniform procedures that provide little discretion to the operating personnel, operated such roadblock with little or no precautions as to safety, lighting or fair warning of its existence, and impermissibly intruded upon the privacy of approaching motorists." Defense counsel also cited the lack of any written guidelines from the Schenectady Police Department for roadblocks as well as an administrative determination by the Department of Motor Vehicles finding that a lawful arrest had not been established in connection with a different motorist stopped by a different officer at the same loca-

tion 4¹/₂ hours after defendant's arrest. The administrative determination, however, does not give rise to any factual issues concerning the operation of the checkpoint at the time defendant was stopped. Nor will a sobriety checkpoint be rendered invalid by the lack of written guidelines or the failure to stop every vehicle (*see People v Scott*, 63 NY2d 518, 526 [1984]; *People v Ingle*, 36 NY2d 413, 416 [1975]; *People v Sinzheimer*, 15 AD3d 732, 734 [2005], *lv denied* 5 NY3d 794 [2005]). We agree with County Court (Drago, J.) that these assertions do not provide sufficient factual information to conclude that the checkpoint was conducted in an unconstitutional manner (*see People v Jenkins*, 64 AD3d 993, 994-995 [2009]; *People v Gadsden*, 273 AD2d 701, 702 [2000], *lv denied* 95 NY2d 934 [2000]). Nor do we find any abuse of discretion in County Court's (Giardino, J.) denial of defendant's renewal motion, as defendant failed to offer any new facts that could not have been raised in the initial motion (*see* CPL 710.40 [4]; *People v Long*, 36 AD3d 132, 135 [2006], *affd* 8 NY3d 1014 [2007]).

Although the People claim that defendant's remaining arguments concerning the voluntariness of the plea, the effectiveness of counsel and the appropriateness of the sentence are barred by defendant's waiver of his right to appeal, the record does not reflect that he actually waived this right, orally or in writing (*see People v Headspeth*, 78 AD3d 1418, 1419 [2010]; *People v Moran*, 69 AD3d 1055, 1056 [2010]). While defendant did not waive his right to appeal, however, his challenge to the voluntariness of the plea and his claim of ineffective assistance of counsel are unpreserved, as he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Harris*, 82 AD3d 1449 [2011]; *People v Stevens*, 80 AD3d 791, 792 [2011], *lv denied* 16 NY3d 900 [2011]; *People v Spears*, 78 AD3d 1380, 1380 [2010]). Finally, in light of defendant's extensive criminal history, which includes two prior convictions for driving while intoxicated, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (*see People v McPherson*, 76 AD3d 1117 [2010]; *People v Kelly*, 71 AD3d 1292, 1292 [2010]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.