# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1036

KA 11-00612

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONALD W. GAVENDA, JR., ALSO KNOWN AS
DONALD GAVENDA, ALSO KNOWN AS DONALD
W. GAVENDA, DEFENDANT-APPELLANT.

MICHAEL M. MOHUN, COWLESVILLE, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 15, 2010. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]), defendant contends that County Court erred in refusing to suppress all evidence obtained when he was stopped at a DWI checkpoint and thereafter arrested. According to defendant, the DWI checkpoint constituted an unreasonable seizure in violation of the Fourth Amendment of the United States Constitution and article I, section 12 of the New York Constitution. We reject that contention. The court properly determined that the roadblock jointly conducted by the Genesee County Sheriff's Department and the Batavia Police Department to detect persons who were driving while intoxicated was a constitutionally permissible seizure (*see People v LaFountain*, 283 AD2d 1013; *see generally People v Scott*, 63 NY2d 518). Defendant's vehicle was stopped "pursuant to a nonarbitrary, nondiscriminatory and uniform procedure, involving the stop of all vehicles" approaching the roadblock (*People v John BB.*, 56 NY2d 482, 488, *cert denied* 459 US 1010). Moreover, all of the police personnel involved were given explicit verbal instructions on the procedures to be used at the roadblock, including the nature of the questions to be asked of every

driver, and those instructions "afforded little discretion to [the] personnel" (*Scott*, 63 NY2d at 526).