*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 29, 2015                    105911
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

ROBERT WILLIAMS,
                        Appellant.
_____

Calendar Date:  September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 5, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

        In satisfaction of a multicount indictment stemming from an incident in which he was discovered operating a motor vehicle containing a quantity of heroin, defendant pleaded guilty to criminal possession of a controlled substance in the third degree.  He was thereafter sentenced in accord with his plea agreement to a prison term of seven years to be followed by two years of postrelease supervision.  Defendant appeals.

        Initially, we find defendant's waiver of his right to

appeal invalid, as County Court "did not adequately convey that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty but, rather, improperly lumped those rights together" (People v Vences, 125 AD3d 1050, 1051 [2015] [internal quotation marks and citation omitted]; see People v Blackmon, 122 AD3d 1071, 1072 [2014], lv denied 24 NY3d 1218 [2015]). Further, although defendant executed a detailed written waiver, the court's colloquy was not adequate to ensure that defendant understood the content or consequences of the appeal waiver (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Mones, 130 AD3d 1244, 1245 [2015]).

Turning to the merits, we reject defendant's contention that the traffic stop of his vehicle was without legal justification. It is fundamental that "probable cause exists for a traffic stop if an officer observes a defendant committing a traffic violation" (People v Portelli, 116 AD3d 1163, 1164 [2014]). The arresting officer testified at the suppression hearing that defendant's vehicle passed by his location and he observed that the vehicle did not have an illuminated license plate (see Vehicle and Traffic Law § 375 [2] [a] [4]). The officer then followed the vehicle to confirm his initial observation and, upon catching up to it, further observed that the vehicle had excessively tinted windows (see Vehicle and Traffic Law § 375 [12-a] [b] [2]). The officer then initiated the traffic stop. County Court credited this testimony, and "we accord great weight to the suppression court's factual findings that are supported by the record" (People v Morris, 105 AD3d 1075, 1077 [2013], lv denied 22 NY3d 1042 [2013]). Here, as the uncontroverted testimony of the arresting officer confirmed that the stop was initiated only after the officer had observed two violations, we find no error in County Court's determination that the stop of defendant's vehicle was justified (see People v Thompson, 106 AD3d 1134, 1135 [2013]; People v Hawkins, 45 AD3d 989, 990-991 [2007], lv denied 9 NY3d 1034 [2008]; People v Brooks, 23 AD3d 847, 849 [2005], lv denied 6 NY3d 810 [2006]).

Finally, we disagree with defendant's assertion that the sentence imposed by County Court was harsh and excessive. Defendant was sentenced to a prison term of seven years with two

years of postrelease supervision despite his plea agreement allowing for a prison term of eight years.  Moreover, defendant possesses a lengthy criminal history that spans five decades and includes multiple periods of incarceration.  Accordingly, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence imposed (see People v Edwards, 96 AD3d 1089, 1092 [2012], lv denied 19 NY3d 1102 [2012]; People v Kelly, 71 AD3d 1292, 1292-1293 [2010]).  Defendant's remaining contentions are unpreserved.

Lahtinen, J.P., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court