THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES ORTIZ, Appellant. [61 NYS3d 178]—

Lynch, J. Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered May 15, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.

In 2008, defendant pleaded guilty to a superior court information charging him with criminal possession of a forged instrument in the second degree and waived his right to appeal. Pursuant to the plea agreement, defendant was permitted to participate in a drug treatment program and, upon successful completion, would be sentenced to no more than five years of probation. Otherwise, County Court had the discretion to sentence defendant up to the maximum statutory prison term of 2⅓ to 7 years. Defendant absconded from the drug treatment program and, following his return to court in 2015, County Court sentenced him to the maximum prison term of 2⅓ to 7 years. Defendant now appeals.

We agree with defendant that the waiver of the right to appeal is invalid. A review of the plea colloquy reflects that County Court did not explain "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Herbert*, 147 AD3d 1208, 1208 [2017]). Furthermore, although a detailed written appeal waiver was executed by defendant, the court made "no attempt . . . to ensure that defendant understood the content or consequences of the appeal waiver" (*People v Herbert*, 147 AD3d at 1209 [internal quotation marks and citations omitted]; *see People v Bradshaw*, 18 NY3d 257, 264 [2011]). As such, defendant's challenge to the severity of the sentence imposed is not precluded by the appeal waiver. We are, nevertheless, unpersuaded by defendant's contention that the sentence is harsh and excessive. A review of the record reveals no extraordinary circumstances or an abuse of the court's discretion and, as such, the sentence imposed will not be disturbed (*see People v Woodward*, 43 AD3d 496, 496 [2007]; *People v Hope*, 32 AD3d 1115, 1116 [2006]; *see also People v Griffin*, 284 AD2d 809, 810 [2001], *lv denied* 97 NY2d 682 [2001]).

McCarthy, J.P., Garry, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.