People v Brown (2018 NY Slip Op 01514)





People v Brown


2018 NY Slip Op 01514


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

108950

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ELIJAH P. BROWN, Appellant.

Calendar Date: January 23, 2018

Before: McCarthy, J.P., Devine, Clark, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Cynthia Feathers of counsel), for appellant.
Chad W. Brown, District Attorney, Johnstown (William G. Berger of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Fulton County (Hoye, J.), rendered September 30, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
In satisfaction of a six-count indictment and other pending charges, defendant agreed to plead guilty to the reduced charge of attempted assault in the first degree in exchange for a prison term of 13 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's plea, County Court sentenced him as a second violent felony offender to the promised prison term. Defendant now appeals.
Inasmuch as County Court's "colloquy was not adequate to
ensure that defendant understood the content or consequences of the appeal waiver" (People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]; see People v Ortiz, 153 AD3d 1049, 1049 [2017]), the waiver is invalid and defendant's challenge to the severity of the sentence imposed is not precluded (see People v Ortiz, 153 AD3d at 1049). That said, given defendant's criminal history and the circumstances surrounding the crime of conviction, which involved defendant striking the victim in the head with a frying pan, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Wolcott, 154 AD3d 1001, 1002 [2017]). Accordingly, the judgment of conviction is affirmed.
McCarthy, J.P., Devine, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.