People v Stahl (2018 NY Slip Op 08836)





People v Stahl


2018 NY Slip Op 08836


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1315 KA 15-01850

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
MARK H. STAHL, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Stephen D. Aronson, A.J.), rendered September 24, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony (two counts), and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law §§ 1192 [2], [3]; 1193 [1] [c] [i] [A]) and one count of unlawful possession of marihuana (Penal Law § 221.05), defendant contends that County Court erred in refusing to suppress all evidence seized as a result of the stop of his vehicle at a DWI checkpoint. We reject that contention; therefore, we affirm.
It is well settled that "individualized suspicion is not a prerequisite to a constitutional seizure of an automobile which is carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers' " (People v Scott, 63 NY2d 518, 525 [1984]). Here, we agree with the People that defendant's vehicle was stopped "pursuant to a nonarbitrary, nondiscriminatory and uniform procedure, involving the stop of all vehicles" approaching the checkpoint (People v John BB., 56 NY2d 482, 488 [1982], cert denied 459 US 1010 [1982]). Moreover, the State Troopers "were given explicit verbal instructions on the procedures to be used at the roadblock, including the nature of the questions to be asked of every driver, and those instructions afforded little discretion to [the] personnel' " at the checkpoint (People v Gavenda, 88 AD3d 1295, 1296 [4th Dept 2011]; see People v LaFountain, 283 AD2d 1013, 1014 [4th Dept 2001]). Contrary to defendant's further contention, the Trooper who initiated the removal of defendant's vehicle from the line at the checkpoint for further investigation was not the sergeant who determined where and when the checkpoint should be set up (see generally Matter of Muhammad F., 94 NY2d 136, 144 [1999], cert denied 531 US 1044 [2000]). Furthermore, we reject defendant's contention that the checkpoint was illegal because there were no written guidelines concerning the operation of the checkpoint (see People v Haskins, 86 AD3d 794, 796 [3d Dept 2011], lv denied 17 NY3d 903 [2011]; People v Sinzheimer, 15 AD3d 732, 734 [3d Dept 2005], lv denied 5 NY3d 794 [2005]; People v Serrano, 233 AD2d 170, 171 [1st Dept 1996], lv denied 89 NY2d 929 [1996]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court