People v Lathrop (2019 NY Slip Op 06260)





People v Lathrop


2019 NY Slip Op 06260


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


478 KA 13-01175

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT L. LATHROP, ALSO KNOWN AS "LIL B", DEFENDANT-APPELLANT. 






EFTIHIA BOURTIS, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 13, 2013. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of murder in the second degree (Penal Law
§ 125.25 [3]). Initially, we agree with defendant that his waiver of the right to appeal is invalid. Although the record reflects that Supreme Court explained to defendant that the waiver of the right to appeal would encompass certain issues, including those related to sentencing and the court's suppression ruling, the record fails to establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Ware, 159 AD3d 1401, 1401 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]). Moreover, the court never elicited an acknowledgment that defendant was voluntarily waiving his right to appeal (see People v Alston, 163 AD3d 843, 844 [2d Dept 2018], lv denied 32 NY3d 1062 [2018]; see also People v Haskins, 86 AD3d 794, 796 [3d Dept 2011], lv denied 17 NY3d 903 [2011]; People v Moran, 69 AD3d 1055, 1056 [3d Dept 2010]). We nevertheless affirm the judgment of conviction.
Defendant contends that the court abused its discretion in denying his request for new counsel, made following the entry of his plea and prior to sentencing. To the extent that defendant's contention survives his guilty plea (see People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]), we conclude that it lacks merit. "It is well settled that an indigent defendant is guaranteed the right to counsel by both the Federal and New York State Constitutions (see US Const 6th Amend; NY Const, art I, § 6), but this entitlement does not encompass the right to counsel of [his or her] own choosing . . . While a court has a duty to investigate complaints concerning counsel, this is far from suggesting that an indigent's request that a court assign new counsel is to be granted casually' " (People v Porto, 16 NY3d 93, 99 [2010], quoting People v Sawyer, 57 NY2d 12, 19 [1982], rearg dismissed 57 NY2d 776 [1982], cert denied 459 US 1178 [1983]). Rather, "a court's duty to consider such a motion is invoked only where a defendant makes . . . specific factual allegations of serious complaints about counsel' " (id. at 99-100, quoting People v Medina, 44 NY2d 199, 207 [1978]). "If such a showing is made, the court must make at least a minimal inquiry,' and discern meritorious complaints from disingenuous applications" (id. at 100, quoting People v Sides, 75 NY2d 822, 825 [1990]). Substitution may then occur only for "good cause," and such a determination is "within the discretion and responsibility of the trial judge" (id. at 99-100 [internal quotation marks omitted]). Here, "[e]ven assuming, arguendo, that defendant's complaints about defense counsel suggested a serious possibility of good cause for a substitution of counsel requiring a need for further inquiry," we conclude that the court "afforded defendant the opportunity to [*2]express his objections concerning defense counsel, and the court thereafter reasonably concluded that defendant's objections were without merit" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]; see People v Martinez, 166 AD3d 1558, 1559 [4th Dept 2018]).
Additionally, to the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea, we conclude that it lacks merit. "There is no basis upon which to conclude that defendant did not enter the plea knowingly, voluntarily and intelligently" (People v Williams, 124 AD3d 1285, 1286 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]) and, although defendant contends that defense counsel was ineffective in failing to move to withdraw the guilty plea, it is well settled that "[t]here can be no denial of effective assistance of [defense] counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (id. [internal quotation marks omitted]; see People v Caban, 5 NY3d 143, 152 [2005]). Moreover, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018] [internal quotation marks omitted]).
Finally, we have considered defendant's remaining contention and conclude that it does not require modification or reversal of the judgment.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court