People v Figueroa (2020 NY Slip Op 51010(U))

[*1]

People v Figueroa (Russell)

2020 NY Slip Op 51010(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2018-1101 S CR

The People of the State of New York,
Respondent,
against
Russell Figueroa, Appellant. 

Suffolk County Legal Aid Society (Edward E. Smith of counsel), for appellant.
Suffolk County District Attorney (Michael J. Brennan), for respondent.

Appeal from two judgments of conviction of the District Court of Suffolk County, First
District (Karen Kerr, J.), rendered April 25, 2018. The judgments convicted defendant, upon his
pleas of guilty, of driving while intoxicated (per se) and driving while intoxicated (common law),
and of possession of an open container of an alcoholic beverage in a motor vehicle, respectively,
and imposed sentences. The appeal from the judgments brings up for review an order of that
court denying, after a hearing, the branch of defendant's omnibus motion seeking to suppress
evidence.

ORDERED that the judgments of conviction are affirmed.
Defendant was stopped at a sobriety checkpoint. As a result of that stop, defendant was
charged, insofar as is relevant to this appeal, with driving while intoxicated (per se) (Vehicle and
Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic
Law § 1192 [3]), and, in a separate accusatory instrument, with possession of an open
container of an alcoholic beverage in a motor vehicle (Vehicle and Traffic Law § 1227 [1]).
After defendant's motion to, among other things, suppress all evidence obtained as a result of the
stop was denied, defendant pleaded guilty to the aforementioned charges. On appeal, defendant
contends that the branch of his motion seeking to suppress should have been granted because the
People failed to establish the constitutionality of the checkpoint at the suppression hearing.
Defendant further argues that his pleas of guilty were not knowing, voluntary, or intelligent
because he was not advised of certain constitutional rights he was forfeiting as a result of his
pleas of guilty. For the reasons that follow, we affirm. 
At the hearing, the People met their burden of establishing that the checkpoint had been
created and operated in a manner "consistent with the Fourth Amendment and New York
Constitution, article I, § 12" (People v Manahan, 23 Misc 3d 134[A], 2009 NY Slip Op
50802[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). The checkpoint's
location and the particulars as to the manner in which it was to be operated had been determined
by the [*2]checkpoint commander sergeant before the checkpoint
was instituted (see People v
Mikalsen, 52 Misc 3d 142[A], 2016 NY Slip Op 51197[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]; People v
Pureco-Martinez, 46 Misc 3d 143[A], 2015 NY Slip Op 50182[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2015]; People
v Manahan, 23 Misc 3d 134[A], 2009 NY Slip Op 50802[U]). The primary purpose of
the checkpoint was to deter drunk and impaired driving, and to promote highway safety (see
People v Scott, 63 NY2d 518, 526-527 [1984]; People v Kemper, 65 Misc 3d 150[A], 2019 NY Slip Op 51855[U]
[App Term, 1st Dept 2019]; People v
Ramirez, 62 Misc 3d 146[A], 2019 NY Slip Op 50203[U] [App Term, 1st Dept 2019];
People v Mikalsen, 52 Misc 3d
142[A], 2016 NY Slip Op 51197[U]). The operating personnel were given explicit verbal
instructions on how to operate the checkpoint (see People v Stahl, 167 AD3d 1555, 1556 [2018]; People v Gavenda, 88 AD3d 1295,
1296 [2011]). The degree of intrusion on drivers' liberty and privacy interests was minimal (see People v Kemper, 65 Misc 3d
150[A], 2019 NY Slip Op 51855[U]; People v Ramirez, 62 Misc 3d 146[A], 2019 NY Slip Op
50203[U]). The procedure followed, namely, stopping every vehicle approaching the checkpoint,
was "uniform and not gratuitous or subject to individually discriminatory selection" (People v
Serrano, 233 AD2d 170, 171 [1996]; see People v John BB., 56 NY2d 482, 488
[1982]; People v Stahl, 167 AD3d at 1556; People v Kemper, 65 Misc 3d 150[A], 2019 NY Slip Op 51855[U];
People v Mannix, 63 Misc 3d
131[A], 2019 NY Slip Op 50411[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
People v Ramirez, 62 Misc 3d
146[A], 2019 NY Slip Op 50203[U]; People v Mikalsen, 52 Misc 3d 142[A], 2016 NY Slip Op
51197[U]). Furthermore, signs conspicuously displayed near the entrance of the checkpoint, the
placement of traffic cones and police vehicles with activated emergency lights, and the officers'
wearing reflective vests and employing flashlights to alert oncoming motorists of their presence
provided adequate precautions as to safety, lighting and fair warning of the existence of the
checkpoint (see People v Mannix,
63 Misc 3d 131[A], 2019 NY Slip Op 50411[U]; People v Mikalsen, 52 Misc 3d 142[A], 2016 NY Slip Op
51197[U]; People v
Pureco-Martinez, 46 Misc 3d 143[A], 2015 NY Slip Op 50182[U]). 
Contrary to defendant's contention, the checkpoint was not rendered invalid by the fact that
the operating officers were not required to ask each motorist passing the checkpoint to produce
his or her driver's license or proof of insurance. Although the Rules and Procedures of the
Suffolk County Police Department provides that "[s]creening officers shall . . . [a]sk each driver
to produce his/her driver license and proof of insurance," the checkpoint commander sergeant
explained that he had decided, in advance, not to follow that mandate because requiring each
motorist to produce a driver's license and proof of insurance would unnecessarily impede traffic
flow and slow down the operation of the checkpoint, which, according to the sergeant, was in
conflict with the policy of the Rules and Procedures. Moreover, since there is no authority that
expressly mandates the promulgation of written guidelines for the arrangement and use of a
checkpoint, such as the Rules and Procedures involved herein (see People v Stahl, 167
AD3d at 1556; People v Haskins, 86
AD3d 794, 796 [2011]; People v
Mikalsen, 52 Misc 3d 142[A], 2016 NY Slip Op 51197[U]), a deviation, if any, from the
Rules and Procedures does not make the otherwise constitutional checkpoint unconstitutional.
Consequently, the branch of defendant's motion seeking to suppress evidence was properly
denied.
Defendant failed to preserve his contention that his pleas of guilty were not knowing,
voluntary, or intelligent, as defendant failed to move to vacate his pleas prior to the imposition of
[*3]the sentences or otherwise raise the issue before the District
Court (see CPL 470.05 [2];
People v Thomas, 150 AD3d 770, 770-771 [2017]; People v Jackson, 114 AD3d 807, 807 [2014]; People v Mero-Lopez, 51 Misc 3d
137[A], 2016 NY Slip Op 50577[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]). In any event, defendant's contention is without merit. "There is no uniform mandatory
catechism for accepting a plea of guilty" (People v Isaiah S., 130 AD3d 1081, 1082 [2015]; see People v Tyrell, 22 NY3d 359,
365 [2013]; People v Seeber, 4
NY3d 780, 781 [2005]). "A guilty plea therefore will not be invalidated 'solely because the
Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and
to elicit from him or her a list of detailed waivers before accepting the guilty plea' " (People v
Tyrell, 22 NY3d at 365, quoting People v Harris, 61 NY2d 9, 16 [1983]). Here,
defendant, who had a lengthy criminal history and the assistance of an attorney, was expressly
advised by the District Court that a plea of guilty involved the waiver of certain constitutional
rights, including the right to have the People prove the case against him beyond a reasonable
doubt and the right to confront witnesses against him. Defendant acknowledged that he "had an
opportunity to discuss the case" with his attorney and that he was satisfied with his attorney's
representation. Defendant stated that he was pleading guilty freely, admitted his guilt, and
acknowledged the facts underlying his offenses. In view of the foregoing and the representation
by counsel for an extensive period of time from defendant's arraignment until the plea proceeding
(see People v Mero-Lopez, 51 Misc
3d 137[A], 2016 NY Slip Op 50577[U]), we find that the record as a whole affirmatively
demonstrates that defendant entered his pleas of guilty knowingly, voluntarily and intelligently
(see People v Jackson, 114 AD3d at 808; People v Kiselyov, 52 Misc 3d 140[A], 2016 NY Slip Op 51165[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Singleton, 51 Misc 3d 145[A], 2016 NY Slip Op
50730[U] [App Term, 1st Dept 2016]; People v Atkins, 51 Misc 3d 144[A], 2016 NY Slip Op 50709[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Collins, 46 Misc 3d 140[A], 2015 NY Slip Op 50134[U]
[App Term, 1st Dept 2015]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020