(December 27, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO MORALES, Appellant. [620 NYS2d 367] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered January 9, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him, as a predicate felon, to a term of 11 to 22 years, unanimously affirmed.

Defendant contends that his intoxicated condition, coupled with his limited command of English, rendered his various statements involuntary. However, it is settled that the fact findings of a suppression court are entitled to great deference and should not be disturbed unless clearly erroneous (People v Prochilo, 41 NY2d 759, 761). Here, the Judge who heard the evidence was amply warranted in finding that defendant's written and videotaped statements, as well as the remark that he made during his fingerprinting, were all knowingly and voluntarily made since, by the time that defendant furnished his statements, his condition had greatly improved, and he was fully aware of what was transpiring. Indeed, the police had allowed defendant to "sleep off" his inebriation before interviewing him (see, People v Avincola, 162 AD2d 288, 289, lv denied 76 NY2d 937), and it was not unreasonable for the court to find credible the testimony of the police officers who concluded that he was fine by the time that they began to question him.

Moreover, defendant was given his Miranda warnings twice, once in Spanish and again in English, and knowingly waived his rights. It is significant that, notwithstanding that a Spanish-speaking detective was always available to assist him, he frequently chose to answer questions posed to him in English without waiting for any translation. Consequently, there is no basis for setting aside the fact finding of the court as to the voluntariness of defendant's statements.

As for defendant's argument that the court's instruction to the jury relating to justification was fatally defective, not only has defendant failed to preserve for appellate review two out of his three complaints concerning that charge (People v Harrell, 59 NY2d 620, 622), but an examination of the court's extensive charge reveals it to have been entirely appropriate under the circumstances herein. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.