(April 18, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GUZMAN, Appellant. [641 NYS2d 610] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at hearing; Rose Rubin, J., at plea and sentence), rendered Febru-

ary 26, 1993, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

As defendant failed to contest the sufficiency of the arresting officer's testimony at the suppression hearing, this claim is not preserved for appellate review, and we decline to review it in the interest of justice (CPL 470.05 [2]; *People v Foy*, 212 AD2d 446, 447, *lv denied* 85 NY2d 938). In any event, were we to review it, we would find that while the arresting officer could not reiterate the radio transmission verbatim, he did provide sufficient details thereof to allow the hearing court "to make its own independent determination of whether the person arrested or item seized reasonably fit [the radioed] description" (*People v Rivera*, 187 AD2d 258, 259). The court also properly denied suppression of the paper bag filled with crack vials that the police found in a public place several feet from where defendant was arrested, unguarded and unsecured in any manner and vulnerable to passersby, defendant having abandoned the property and thereby failing to establish a privacy interest therein (*see, People v Wesley*, 73 NY2d 351, 358). We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.