■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FELIX SERRANO, Respondent. [650 NYS2d 95] —Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered January 10, 1995, which granted defendant's motion to suppress physical evidence, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

We disagree with the hearing court's finding that the People failed to produce sufficient evidence to establish that the roadblock in question was "being maintained in accordance with a uniform procedure which afforded little discretion to operating personnel" (*People v Scott*, 63 NY2d 518, 526). Two of the six to eight officers conducting the roadblock under the supervision of a sergeant testified that, on the afternoon in question, they were assigned to conduct systematic or mandatory car stops on the corner of 179th Street and Bathgate Avenue in the Bronx.

The purpose of the stops was to check for stolen cars which were a problem in that area, specifically "[b]ecause approximately two blocks away a lot of stolen vehicles are recovered". Both officers testified that they were instructed to pull over "every vehicle coming down the block", the only limitation being manpower, i.e.,

"[e]very vehicle possible. There's six of us there. Every vehicle that we could possibly stop, is to be stopped to be checked for stolen—to see if the vehicle is stolen * * *

"A. If there are six of us, six vehicles will be stopped.

"Q. What happens after six vehicles are stopped?

"A. The first available officer that is freed up, another car is stopped.

"Q. And another car, which car is stopped?

"A. The next one that comes down the street.

"Q. And is this procedure continued in that fashion?

"A. Yes."

The hearing court found that the two officers' testimony was "in conflict as to whether the prescribed plan was to stop every car or to stop only every possible car, and that the People failed to call any witness to clarify the issue." However, as the Court of Appeals in *People v Scott (supra*, at 526) recognized, "[t]he fact that the plan contemplated situations in which not

every car would be stopped did not affect its validity in view of the specific nondiscriminatory pattern of selection it called for * * * and of the reasonableness of allowing some cars to pass when traffic became congested". The nondiscriminatory and nondiscretionary nature of the stops was uncontradicted; both officers testified that the plan provided that as an officer was "freed up", the officer stopped the next car that was coming down the street regardless of the number or age of the occupants or their dress, color or ethnic origin.

The absence of evidence that the plan followed here was in writing emanating from the higher echelons of the Police Department, as was the case in *People v Scott* (*supra*), does not render it invalid, the only requirement being that the procedure followed be uniform and not gratuitous or subject to individually discriminatory selection (*see, People v Ingle*, 36 NY2d 413, 416). Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.