OPINION OF THE COURT
Per Curiam.
Order dated December 12, 1995 insofar as appealed from reversed, on the law, defendant’s motion denied and the matter remanded for further proceedings.
Defendant was arrested and charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]) when he allegedly was unable to produce a valid driver’s license after his car was stopped at a police checkpoint, and a computer check revealed that defendant’s driver’s license had been suspended three or more times. Defendant moved to suppress statements allegedly made by him prior to his arrest, arguing only that the statements were the product of an unauthorized "custodial interrogation”; so far as appears no claim was made in defendant’s moving papers or at the Huntley hearing below that the operation of the police checkpoint or the resultant stop violated the defendant’s Fourth Amendment right to be free from unreasonable searches and seizures. Despite the narrow focus of defendant’s suppression motion and the presiding Hearing Officer’s proper rejection of the single defense argument raised,* Criminal Court refused to adopt the Hearing Officer’s recommendation to deny suppression. The court instead granted the relief requested by defendant by suppressing defendant’s statements and, going further, granted suppression of all evidence obtained at the checkpoint, based upon its sua sponte determination that the stop of defendant’s car was unlawful. Since the court’s conclusion is neither consistent with controlling case law nor supported by the evidence presented at the Huntley hearing, we reverse and deny defendant’s suppression motion.
As a threshold matter, we note that in view of defendant’s failure to contest the legality of either the automobile stop in *379 general or the operation of the police checkpoint in particular, the People were under no evidentiary burden to go forward on these issues at the Huntley hearing (see, People v Berrios, 28 NY2d 361, 367-368; see also, People v Foy, 212 AD2d 446, 447, lv denied 85 NY2d 938; People v Guzman, 226 AD2d 218). Given this procedural posture, it was inappropriate for Criminal Court to reach out and resolve these unpreserved issues against the People, for the court’s unsolicited ruling may well have deprived the People of a "full opportunity to present evidence of the dispositive issues involved at the suppression hearing.” (People v Havelka, 45 NY2d 636, 643.)
Turning to the merits, the hearing evidence, though understandably sparse given the limited scope of defendant’s suppression motion, was nonetheless sufficient to establish that the stop of defendant’s automobile was both nondiscriminatory and nondiscretionary in nature. In this regard, the arresting officer’s credited and uncontroverted testimony showed that on the April morning in question he and his partner, assigned to the grand larceny prevention unit of the 13th Precinct, were instructed to "random[ly]” pull over every third vehicle at East 15th Street near the FDR Drive to check for stolen cars, with logistics providing the only limitation: "Q. Did you ever deviate from this [plan]? A. I’m pretty sure I didn’t — car speeding I can’t help it but we try to keep it every third car.” The checkpoint stop in question was thus shown to serve a legitimate public concern (see, People v Serrano, 233 AD2d 170), and to be "maintained in accordance with a uniform procedure which afforded little discretion to operating personnel” (People v Scott, 63 NY2d 518, 526). "The fact that the plan contemplated situations in which not every car would be stopped did not affect its validity in view of the specific nondiscriminatory pattern of selection it called for * * * and of the reasonableness of allowing some cars to pass when traffic [dictated]” (People v Scott, supra, at 526; People v Serrano, supra). "The absence of evidence that the plan followed here was in writing emanating from the higher echelons of the Police Department, as was the case in People v Scott (supra), does not render it invalid, the only requirement being that the procedure followed be uniform and not gratuitous or subject to individually discriminatory selection”. (People v Serrano, supra, at 171, citing People v Ingle, 36 NY2d 413, 416.)
Parness, J. P., McCooe and Freedman, JJ., concur.

 The Hearing Officer’s stated finding that defendant was not in custody during initial questioning by police is amply supported by the record and, indeed, was not set aside, or even addressed, in the "Modified Findings of Fact” issued by Criminal Court in its written decision. Giving due deference to the hearing court’s findings on the custody issue (see, People v Prochilo, 41 NY2d 759, 761; People v Morales, 210 AD2d 173, lv denied 84 NY2d 1035), we find no basis to disturb those findings on appeal.