■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAHEED SHABAZZ, Also Known as MANDEL BROCK, Defendant-

Appellant. [755 NYS2d 20] —Judgment, Supreme Court, New York County (Renee White, J., at suppression hearing; Laura Visitacion-Lewis, J., at plea and sentence), rendered September 26, 2001, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 5½ years, and order, same court (Laura Visitacion-Lewis, J.), entered on or about January 2, 2002, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The court properly denied defendant's motion to suppress a gun recovered from the car he was driving. The police had probable cause to search the car under the automobile exception to the warrant requirement (*see People v Blasich*, 73 NY2d 673, 678-679). The police recovered a bag that had been thrown from the car, and, relying on their expertise, recognized that it contained a cigar that had been modified for the purpose of smoking marijuana. From a lawful vantage point outside the car, an officer also observed what appeared to be loose tobacco or marijuana on the floor of the car. At this point, the police had probable cause to believe that the occupants of the car had been smoking marijuana and that the car contained that substance (*see People v McRay*, 51 NY2d 594, 601-602; *Matter of Camille H.*, 215 AD2d 143; *People v Coggins*, 175 AD2d 924, 925).

In any event, the officer's initial search, made by leaning into the car and shining a flashlight, had no causal connection with defendant's subsequent suspicious conduct. Defendant became agitated, reached under the driver's seat, and pushed the officer's hand away from that area. After being ordered out of the car, defendant and a passenger suddenly ran away. These suspicious actions reinforced the officers' preexisting probable cause to believe the vehicle contained contraband. At the very least, the totality of the foregoing circumstances provided the police with a reasonable belief that a weapon posing a threat to their safety might be present, and justified a limited protective intrusion into the area associated with defendant's suspicious movements (*see People v Mundo*, 99 NY2d 55). Accordingly, the officer lawfully reached under the seat and found a gun.

We also note that prior to reaching under the seat, the officer had heard a radio transmission giving the description of suspects in an armed robbery that had been committed earlier that night. Although the description could not be the sole basis for a finding of probable cause because its details were not established at the hearing (*see People v Dodt*, 61 NY2d 408,

415-416), the officer's testimony that the occupants of the car fit the description provided additional support for the hearing court's findings.

Defendant's presentence motion to withdraw his guilty plea and his motion to vacate judgment pursuant to CPL 440.10 were both properly denied. Although defendant claims that the court and/or his attorney were obligated to advise him of possible adverse consequences of his plea with regard to his federal probation status, there is nothing in the record to indicate that the plea actually led to such consequences, or whether such consequences should be considered "direct" or "collateral" (*see People v Ford*, 86 NY2d 397, 403). Defendant's motion to vacate judgment contained no factual allegations relating to this issue. To the extent that the existing record permits review, it establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered (*see People v Fiumefreddo*, 82 NY2d 536, 543-544), and that he received meaningful representation (*see People v Ford, supra* at 404-405). Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.