■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LOPEZ, Appellant. [768 NYS2d 468]—

Judgment, Supreme Court, New York County (Richard Carruthers, J., at suppression hearing; John Stackhouse, J., at speedy trial motion, jury trial and sentence), rendered March 20, 2000, convicting defendant of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. After a thorough hearing, the court properly determined that the period of 155 days during which the purchasing undercover officer was unavailable due to a family crisis and its tragic conclusion was excludable pursuant to CPL 30.30 (4) (g) as a delay "occasioned by exceptional circumstances." The evidence established that the People could not have made the officer available at an earlier date (*see People v Pressley*, 115 AD2d 228 [1985]). We have considered and rejected defendant's remaining speedy trial arguments.

Defendant's motion to suppress identification evidence was properly denied. There was a proper confirmatory identification by the undercover officer immediately after the drug transaction (*see People v Wharton*, 74 NY2d 921 [1989]).

Since defendant's ineffective assistance of counsel claim rests primarily on matters outside the record, it would require a CPL 440.10 motion (*People v Love*, 57 NY2d 998 [1982]). To the extent that the existing record permits review, it establishes that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.