THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DUGAN, Appellant. [869 NYS2d 57]—

The court properly denied defendant's motion to suppress the physical evidence recovered from his vehicle after it was stopped at a checkpoint. There is no basis for disturbing the credibility determinations made by a judicial hearing officer and adopted by the court (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), with regard to the circumstances of the checkpoint stop as well as the ensuing search.

The police testimony satisfied the elements of a valid checkpoint stop. The testimony established that the primary purpose of the checkpoint was roadway safety and enforcement of vehicular laws and regulations rather than general crime control (*see Indianapolis v Edmond*, 531 US 32, 41 [2000]), that the checkpoint was effective in advancing those interests (*see*

*People v Scott*, 63 NY2d 518 [1984]), and that the degree of intrusion on drivers' liberty and privacy interests was minimal (*id.* at 526-527). Furthermore, one of the officers testified that he kept a written record of the checkpoint stops that had taken place. The fact that this record could not be produced "does not render [the procedure] invalid" (*People v Serrano*, 233 AD2d 170, 171 [1996], *lv denied* 89 NY2d 929 [1996]). The officer's testimony satisfied the requirement that "the procedure followed be uniform and not gratuitous or subject to individually discriminatory selection" (*id.*).

The hearing evidence also established that there was probable cause to search defendant's car. An officer testified that, during the checkpoint stop, he detected the odor of marijuana emanating from the vehicle and observed what appeared to be a marijuana cigar on the console (*see People v Feili*, 27 AD3d 318 [2006], *lv denied* 6 NY3d 894 [2006]; *People v Shabazz*, 301 AD2d 412, 413 [2003], *lv denied* 100 NY2d 566 [2003]). The officer testified that he had extensive training and experience in detecting the smell of marijuana, and it is of no consequence that he did not specify whether this background involved burned or unburned marijuana. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.