# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1283**

**KA 12-00369**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JURIMAUL K. EDWARDS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (RYAN D. HAGGERTY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 9, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and unlawful possession of marihuana (§ 221.05), defendant contends that County Court erred in refusing to suppress evidence seized as the result of an unlawful search and seizure. We reject that contention. Defendant was stopped at a traffic checkpoint in the City of Buffalo where, according to the testimony of the officer in charge of the checkpoint, the police were checking for registration, inspection, seat belt and other traffic related infractions. Every vehicle that went through the checkpoint was stopped. When defendant's vehicle was stopped, a police officer smelled marihuana in the vehicle and, after defendant was asked to leave the vehicle, the officer observed marihuana in plain view in the vehicle.

We reject defendant's contention that the "main purpose" of the checkpoint was general crime control. Rather, the evidence at the suppression hearing established that the checkpoint was established as a "safety" checkpoint (*People v Dugan*, 57 AD3d 300, 300, *lv denied* 11 NY3d 924). We further conclude that the checkpoint was effective in advancing that interest (*see People v Scott*, 63 NY2d 518, 528-529). Finally, we conclude that the degree of intrusion on liberty and

privacy interests was minimal (*see id*. at 526-527; *Dugan*, 57 AD3d at 300). Unlike in *People v Trotter* (28 AD3d 165, *lv denied* 6 NY3d 839), where the checkpoint was conducted as part of a longer campaign to address general crime concerns, there is no evidence here to suggest that the checkpoint was part of a broader program of general crime control, or that it was "no more than a 'key pragmatic tool'" in a larger campaign to control crime (*id*. at 170).

Entered: December 21, 2012                    Frances E. Cafarell
                                              Clerk of the Court