*1644 Memorandum: On appeal from a judgment convicting him, following his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and unlawful possession of marihuana (§ 221.05), defendant contends that County Court erred in refusing to suppress evidence seized as the result of an unlawful search and seizure. We reject that contention. Defendant was stopped at a traffic checkpoint in the City of Buffalo where, according to the testimony of the officer in charge of the checkpoint, the police were checking for registration, inspection, seat belt and other traffic related infractions. Every vehicle that went through the checkpoint was stopped. When defendant’s vehicle was stopped, a police officer smelled marihuana in the vehicle and, after defendant was asked to leave the vehicle, the officer observed marihuana in plain view in the vehicle.
We reject defendant’s contention that the “main purpose” of the checkpoint was general crime control. Rather, the evidence at the suppression hearing established that the checkpoint was established as a “safety” checkpoint (People v Dugan, 57 AD3d 300, 300 [2008], lv denied 11 NY3d 924 [2009]). We further conclude that the checkpoint was effective in advancing that interest (see People v Scott, 63 NY2d 518, 528-529 [1984]). Finally, we conclude that the degree of intrusion on liberty and privacy interests was minimal (see id. at 526-527; Dugan, 57 AD3d at 300). Unlike in People v Trotter (28 AD3d 165 [2006], lv denied 6 NY3d 839 [2006]), where the checkpoint was conducted as part of a longer campaign to address general crime concerns, there is no evidence here to suggest that the checkpoint was part of a broader program of general crime control, or that it was “no more than a ‘key pragmatic tool’ ” in a larger campaign to control crime (id. at 170). Present — Scudder, P.J., Centra, Valentino, Whalen and Martoche, JJ.