Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Rena K. Uviller, J., at suppression ruling; A. Kirke Bartley, Jr., J., at plea; Rena K. *450 Uviller, J., at sentencing), rendered July 28, 2011, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 2V2 years, unanimously reversed, on the law, and the indictment dismissed.
The suspicionless vehicle checkpoint stop that led to the recovery of contraband in this case was constitutionally impermissible because the primary purpose of the checkpoint was “essentially to serve the governmental interest in general crime control” (People v Jackson, 99 NY2d 125, 129 [2002], citing Indianapolis v Edmond, 531 US 32 [2000]). It is undisputed that the primary purpose of the checkpoint was to deter or control auto theft. Contrary to the People’s assertions, the interest in “controlling automobile thefts,” as described in this case, “is not distinguishable from the general interest in crime control” (People v Jackson, 99 NY2d at 131, quoting Delaware v Prouse, 440 US 648, 659 n 18 [1979] [emphasis supplied by Court of Appeals]; see also Indianapolis, 531 US at 39-40). Under the applicable precedents, a secondary goal of promoting highway safety does not justify a checkpoint stop. Concur— Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.