The People of the State of New York, Respondent,
against
Jeffrey Gordon, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann E. Scherzer, J., at suppression hearing and trial), rendered August 19, 2016, after a nonjury trial, convicting him of unlicensed driving, and imposing sentence.




Per Curiam.
Judgment of conviction (Ann E. Scherzer, J., at suppression hearing and trial), rendered August 19, 2016, affirmed.
Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The credited police testimony satisfied the elements of a valid vehicle checkpoint stop. The testimony established that the primary purpose of the checkpoint was roadway safety and enforcement of vehicular laws and regulations (see City of Indianapolis v Edmond, 531 US 32, 41 [2000]), that the degree of intrusion on drivers' liberty and privacy interests was minimal (see People v Scott, 63 NY2d 518, 526-527 [1984]), and that the procedure followed, namely stopping every third vehicle and those with identifiable equipment violations, was "uniform and not gratuitous or subject to individually discriminatory selection" (see People v Dugan, 57 AD3d 300, 301 [2008], lv denied 11 NY3d 924 [2009], quoting People v Serrano, 233 AD2d 170, 171 [1996], lv denied 89 NY2d 929 [1996]). Moreover, even if the checkpoint stop was not legal, Department of Motor Vehicle records, including defendant's driving abstract, are not suppressible as fruits of an unlawful search (see People v Tolentino, 14 NY3d 382, 385-386 [2010], cert dismissed 563 US 123 [2011]; People v Felder, 58 Misc 3d 146[A], 2018 NY Slip Op 50030[U][App Term, 1st Dept 2018], lv denied 31 NY3d 983 [2018]), nor are the police officer's observations of defendant driving on a public highway (see People v Weaver, 12 NY3d 433, 440 [2009]). 
The DMV abstract was properly admitted into evidence and did not violate the Confrontation Clause (see People v Smith, 118 AD3d 920 [2014], lv denied 24 NY3d 1089 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2018