The People of the State of New York, Respondent,
against
Daniel Ramirez, Defendant-Appellant.



The defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered January 25, 2017, convicting him, after a jury trial, of driving while intoxicated per se, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered January 25, 2017, affirmed. 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The credited police testimony satisfied the elements of a valid vehicle checkpoint stop. The testimony established that the primary purpose of the checkpoint was to prevent and deter drunk driving (see People v Scott, 63 NY2d 518, 525 [1984]), the degree of intrusion on drivers' liberty and privacy interests was minimal (see Scott at 526-527), and the procedure followed, namely stopping every car except taxis, livery and commercial vehicles, was "uniform and not gratuitous or subject to individually discriminatory selection" (People v Dugan, 57 AD3d 300, 301 [2008], lv denied 11 NY3d 924 [2009], quoting People v Serrano, 233 AD2d 170, 171 [1996], lv denied 89 NY2d 929 [1996]; see Matter of Muhammad F., 94 NY2d 136, 146 [1999], cert denied 531 US 1044 [2000]["suspicionless stops ... of 'all incoming traffic at roadblock-type stops' to check driver license and registration are permissible", quoting Delaware v Prouse, 440 US 648, 663 (1979)]).
Contrary to defendant's contention, there is no authority that expressly mandates the promulgation of written guidelines for the arrangement and use of a checkpoint (see Michigan Dept. of State Police v Sitz, 496 US 444, 453 [1990]; People v Serrano, 233 AD2d at 171).
Probable cause for defendant's arrest was established by the arresting officer's testimony that when the vehicle was stopped at the checkpoint, defendant exhibited classic signs of intoxication, such as having red, watery eyes, the odor of alcohol on his breath and an unsteady gait, and he admitted that he had consumed alcohol (see People v Johnson, 140 AD3d 978 [2016], lv denied 28 NY3d 931 [2016]; People v Thomas, 68 AD3d 482, 483 [2009], lv denied 14 NY3d 806 [2010]).
The verdict was based on legally sufficient evidence and was not against the weight of the [*2]evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). We find no basis to disturb the jury's credibility determinations. In addition to the trial testimony regarding defendant's visibly intoxicated condition, the .11 percent blood alcohol content measured by the Intoxilyzer 5000 breath test was prima facie evidence of defendant's violation of Vehicle and Traffic Law § 1192(2) (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Mertz, 68 NY2d 136, 139 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 25, 2019