People v Thompson (2020 NY Slip Op 50842(U))

[*1]

People v Thompson (Malcolm)

2020 NY Slip Op 50842(U) [68 Misc 3d 126(A)]

Decided on July 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-1746 K CR

The People of the State of New York,
Respondent, 
against
Malcolm Thompson, Appellant. 

New York City Legal Aid Society (Amy Donner of counsel), for appellant.
Kings County District Attorney (Sholom J. Twersky, of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Kings
County (Laura Johnson, J.), rendered August 9, 2017. The judgment convicted defendant, upon
his plea of guilty, of disorderly conduct, and imposed sentence. The appeal brings up for review
an order of that court (Claudia Daniels-Depeyster, J.) dated June 16, 2017 denying defendant's
motion to suppress physical evidence and a statement.

ORDERED that the judgment of conviction is affirmed.
On December 29, 2015, four police officers arrived at defendant's residence to investigate
allegations that he had threatened a complainant with a weapon. The officers were voluntarily
admitted to the residence by defendant's mother, whose authority to consent is not at issue. While
the officers were present in the apartment, they conducted a warrantless search of defendant's
bedroom and found a taser and marihuana. While the charges stemming from the initial
complaint were eventually dismissed, insofar as is relevant to this appeal, defendant was
ultimately charged with attempted criminal possession of a weapon in the fourth degree (Penal
Law § 100, 265.01 [1]), criminal possession of marihuana in the fifth degree (Penal Law
§ 221.10 [2]), and unlawful possession of marihuana (Penal Law § 221.05). Following
a hearing, the Criminal Court denied defendant's motion to suppress the physical evidence and a
statement defendant had made while in custody. Defendant then pleaded guilty to disorderly
conduct (Penal Law § 240.20), and sentence was imposed. On appeal, defendant contends
that the [*2]physical evidence should have been suppressed
because the search was illegal and that his statement should have been suppressed as "fruit of the
poisonous tree." 
A seizure is presumptively unreasonable when executed without a valid warrant (see
Schneckloth v Bustamonte, 412 US 218, 219 [1973]), and the People bear the burden of
demonstrating that the conduct falls within an exception to this general rule (see Coolidge v
New Hampshire, 403 US 443, 455 [1971]; see also People v Quinones, 61 AD2d
765-766 [1978]). Here, the People sought to establish that there was consent to the search
(see People v Gonzalez, 39 NY2d 122 [1976]), relying on testimony by two police
officers that defendant's mother had orally consented to the search. Defendant's mother,
however, testified that she never gave consent to the search, and this testimony is the basis for
defendant's argument that the search was illegal. Having considered all of the testimony, the
Criminal Court found that defendant's mother had orally consented to the search of defendant's
bedroom. Since the suppression court had the peculiar advantage of having seen and heard the
witnesses (see People v Prochilo, 41 NY2d 759 [1977]), this court must give
considerable weight to its factual findings, which are not clearly erroneous (see People v
Morales, 210 AD2d 173, 173 [1994]).
Accordingly, the judgment of conviction is affirmed. 
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2020